UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | No. 2:15-cv-02106-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| JAMES BAILEY, DOES 1 to 10, Inclusive, | |
| Defendant. | |

On October 8, 2015, defendant, proceeding pro se, removed this unlawful detainer action from Shasta County Superior Court. ECF No. 1. As explained below, the court REMANDS the case to the Shasta County Superior Court.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time before
/////

1

1  final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
2  remanded." 28 U.S.C. § 1447(c).
3        Here, the court finds the case should be remanded to the Shasta County Superior
4  Court.  The form complaint filed in the state court is for unlawful detainer only.  ECF No. 1.
5  Defendant grounds the removal on this court's federal question jurisdiction, arguing that "[this] is
6  a civil action arising under federal law and in which a federal statute is drawn in controversy"
7  because the "[p]laintiff's claim is based upon a notice which expressly references and
8  incorporates" a federal statute.  ECF No. 1 ¶¶ 3, 7.  Defendant further argues that plaintiff did not
9  give the defendant the ninety (90) day notice period provided by the federal statute.  *Id.* ¶ 7.
10        Plaintiff is the master of the complaint and may, as here, "avoid federal
11  jurisdiction by pleading solely state-law claims."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075
12  (9th Cir. 2005).  Defendant's assertion is best characterized as a defense or a potential
13  counterclaim, neither of which can be considered in evaluating whether federal question
14  jurisdiction exists.  *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (federal question jurisdiction
15  cannot "rest upon an actual or anticipated counterclaim"); *Valles*, 410 F.3d at 1075 ("A federal
16  law defense to a state-law claim does not confer jurisdiction on a federal court, even if the
17  defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Metro Ford*
18  *Truck Sales, Inc. v. Ford Motor Co.*,145 F.3d 320, 326–27 (5th Cir. 1998); *Takeda v. Nw. Nat'l*
19  *Life Ins Co.*, 765 F.2d 815, 822 (9th Cir. 1985).
20        Because plaintiff's unlawful detainer complaint does not provide a basis for
21  federal question jurisdiction, and defendant's counterclaim cannot provide the basis for removal
22  jurisdiction here, this court cannot exercise subject matter jurisdiction over plaintiff's single state-
23  law claim for unlawful detainer.  This case is REMANDED to Shasta County Superior Court.
24        IT IS SO ORDERED.
25  DATED: October 16, 2015.

_____
UNITED STATES DISTRICT JUDGE